UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LOCK,

            Plaintiff,

                                             Case No. 07-CV-14257

vs.

                                             HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE
COMPANY, f/k/a
CONTINENTAL INSURANCE COMPANY,

            Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

      This lawsuit seeks no-fault insurance benefits arising out of an automobile accident that occurred on June 25, 1997. Plaintiff Patricia Lock seeks attendant care benefits for care provided to her son Jimmy Lock ("Lock") since June 25, 2006. Previously, Lock filed a lawsuit for accidental bodily benefits arising out of the same accident in Wayne County Circuit Court. A jury returned a verdict in his favor. Based on that verdict, Patricia Lock seeks a ruling by this Court that collateral estoppel bars defendant Encompass Insurance Company ("Encompass"), f/k/a Continental Insurance Company, from disputing that Lock suffered and continues to suffer cognitive disorder and "sequelae secondary" to the traumatic brain injury incurred in the June 25, 1997 automobile accident. Because these arguments by Plaintiff have largely been addressed by prior rulings of the Court, pursuant to E.D. Mich. Local R. 7.1(e)(2), this motion shall be resolved without oral argument and decided on the written submissions.

For the reasons stated below, Patricia Lock's motion for partial summary judgment shall be denied.

## BACKGROUND

On June 25, 1997, Lock was seriously injured in a roll-over automobile accident. He was ejected from the vehicle and suffered a closed head injury. He also suffered a broken neck, as well as significant injuries to his right arm, left knee and spine. Lock's physical injuries have healed but Patricia Lock alleges that his closed head injury has not. Lock sought benefits under an insurance policy with Encompass. When Encompass failed to pay benefits, Lock filed suit in Wayne County Circuit Court seeking medical and hospital expenses, wage loss, replacement services, and attendant care provided by his mother Patricia Lock. During the trial, Encompass raised two defenses: first, that Lock's brain injury was the result of a gunshot wound in 1998, and secondly, that he suffered from paranoid schizophrenia which was unrelated to the automobile accident.

During the trial, a battle of the experts ensued. Encompass called Dr. Tyburski who testified that any medical treatment was attributable to the gunshot wound. Lock, on the other hand, presented the testimony of Dr. Bradley Sewick who testified that Lock suffered from a cognitive and psychotic disorder caused by the automobile accident and not the gunshot injury. Encompass also presented a videotaped deposition of Dr. W. John Baker who testified that Lock's illness and disability were related to pre-automobile accident paranoid schizophrenia.

At the close of the proofs, Lock asked the jury to return a verdict in the amount of $1,294,835.40. That amount was broken down into medical and hospital expenses of

$227,399, nursing and attendant care expenses of $1,015,000, replacement services of $20,300, and work loss of $32,156.48.  The jury returned its verdict on June 28, 2000 and judgment entered on August 17, 2000.  The jury awarded  Lock $343,946.10 which amounted to approximately one-fourth of the damages claimed.  This amount included $253,243 for medical, hospital, as well as attendant care benefits, $1,095 in replacement services and $67,755 in interest.  The jury awarded payment for work loss in the amount of $30,714 –  which amounted to $1,442 less than what Lock sought for the three years post-accident.

Lock brought two additional lawsuits after the first trial and both settled.  The second lawsuit was for no-fault and attendant care benefits while the third lawsuit was for solely attendant care benefits.  In her third lawsuit, which was also assigned to this Court, Patricia Lock argued that collateral estoppel barred Encompass from arguing that the gunshot wound and/or his schizophrenia were related to Lock's current disabilities because the prior jury necessarily concluded that the accident was the sole cause of his injuries.  This Court rejected plaintiff's collateral estoppel argument on the grounds that the 2000 trial did not and could not address plaintiff's current medical condition.  Furthermore, this Court concluded it is unclear whether the jury believed Encompass' defense that the gunshot wound or plaintiff's schizophrenia caused his injuries.  This is evident because the jury awarded only about a quarter of the damages sought and plaintiff's injuries were not limited to his closed head injury, but also included substantial injuries of his neck, left arm, left knee and spine.

This is the fourth lawsuit brought for benefits on behalf of Lock.  Patricia Lock filed this suit in Wayne County Circuit Court.  Encompass removed the action here on

the basis of diversity jurisdiction.  Patricia Lock now seeks attendant care benefits from June 25, 2006 to the present.  Patricia Lock moves for partial summary judgment in the form of a ruling that Lock suffers and continues to suffer from a traumatic brain injury following June 25, 2006, but claims she is "not" seeking to establish a causal relationship between the brain injury and "sequelae" and the June 25, 1997 accident. (Doc. 46 at 6-7).

Although Patricia Lock argues that her present motion for summary judgment differs from those rejected by this Court last year, her arguments are not meaningfully distinguishable.  Patricia Lock now asserts that "the 2000 jury verdict established without question that Jimmy Lock sustained cognitive disorder and psychotic disorder and sequelae secondary to the traumatic brain injury." (Doc. 46 at 6).  It is unclear what "secondary to traumatic brain injury" means but a reasonable interpretation of that phrase is that the cognitive disorder is "caused" by or "related" to traumatic brain injury. Thus, the difference between Patricia Lock's current motion for summary judgment and the one she filed last year in the 2006 case appears to be a semantic one only.  As addressed in the Court's order in the 2006 case, the 2000 jury verdict does not support the application of collateral estoppel here.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The

4

Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a

5

mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

Patricia Lock moves for partial summary judgment in the form of a ruling that Lock suffered and continues to suffer traumatic brain injury "secondary" to the 1997 motor vehicle accident. She claims that the doctrine of collateral estoppel, also known as issue preclusion, requires this conclusion. Under Michigan Law, the doctrine of collateral estoppel provides that a party cannot relitigate an issue that has already been decided between the same parties in another lawsuit. People v. Gates, 434 Mich. 146, 154 (1990), cert. denied, 497 U.S. 1004 (1990); Braxton v. Litchalk, 55 Mich. App. 708, 718 (1974).

In Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust, 410 F.3d 304, 310 (6th Cir. 2005), the Sixth Circuit enumerated the standard followed by Michigan courts as it relates to collateral estoppel. To establish preclusion, Lock must demonstrate that:

(1)   the parties in both proceedings are the same or in privity,

(2)   there was a valid, final judgment in the first proceeding,

(3)   the same issue was actually litigated in the first proceeding,

(4)   that issue was necessary to the judgment, and

(5)   the party against whom preclusion is asserted (or is privy) had a full and fair opportunity to litigate the issue.

Id. (citation omitted), see Hamilton's Bogarts, Inc. v. Michigan, 501 F.3d 644, 650 (6th

Cir. 2007).

In this case, Patricia Lock's collateral estoppel argument fails for reasons stated in this Court's prior order and because he has failed to meet the third prong of the test. The third prong requires that "the same issue was actually litigated in the first proceeding." Spectrum Health Continuing Care Group, 410 F.3d at 310. The first proceeding covered benefits arising from the accident until the jury returned its verdict on June 28, 2000. This lawsuit, on the other hand, seeks attendant care benefits from June 25, 2006 to the present. These issues are far from identical. Given this difference in time, collateral estoppel does not apply. In the 2000 trial, the jury was asked to make a determination as to whether Plaintiff incurred no-fault benefits as between June 25, 1997 and June 27, 2000 that were reasonable and related to any of the injuries he sustained in the June 25, 1997 automobile accident. The jury did not conceive of, did not deliberate on, nor was it presented with any argument regarding the reasonableness and relatedness of medical bills to be incurred in the future.

In June of 2000, when the jury reached its verdict, it did not have before it any proof that Plaintiff incurred expenses for conditions related to the 1997 motor vehicle accident (or what those conditions may or may not be) for the care of Lock from June 25, 2006 until the present. Plaintiff's argument is contrary to the No-Fault Act, contrary to the jury's verdict in June of 2000, and does not involve "the same issue" as to warrant application of collateral estoppel. Furthermore, over twelve years have elapsed since the injury occurred, making it entirely possible that Lock has recovered in full or in part from his traumatic head injury even if one was sustained in 1997. It is also possible that a fact-finder might determine that the intervening gunshot wound to the head or Lock's

pre-existing schizophrenia are at least partly to blame for his present disability. Therefore, collateral estoppel is not applicable where the Plaintiff has failed to prove identical issues which had been previously litigated.

Patricia Lock also has failed to show that the issue at stake here was necessary to the judgment. She does not dispute that at the close of his proofs, Lock's counsel asked for damages totaling over one million dollars – including $227,399 in medical expenses and $1,015,000 in attendant care benefits. Yet, the jury returned a verdict for both medical expenses *and* attendant care benefits in the amount of only $253,243. In total, Lock recovered less than one-fourth of the benefits sought. Given this scenario, it appears likely that the jury found that some of his disabilities were part of his preexisting schizophrenia or were caused by the gunshot wound. It is also plausible that the jury awarded "full" damages for a lesser period of time by concluding that Lock's head injuries attributable to the accident had resolved before June 2000. If the jury had returned a verdict awarding the full amount claimed by Lock then this court might reasonably find that the jury had rejected Encompass' defense that other factors were responsible for his injuries. But in light of the fact that the jury awarded only a small portion of the damages alleged, it is possible that the jury rejected plaintiff's theory that Lock suffered a traumatic brain injury in the accident.

Patricia Lock claims that because the jury awarded 100 percent of the work loss alleged, they must have found that he suffered cognitive disorder as a result of the automobile accident. This court cannot agree. The jury did <u>not</u> award 100 percent of the work loss alleged. Lock's counsel asked for $32,156 but the jury awarded only $30,714. Moreover, the jury could easily have found that Lock's injuries from the car

accident prevented him from working and still have found that other factors contributed to his need for medical, hospital and attendant care. As stated in the Court's earlier opinion in the 2006 case, Plaintiff does not know what injury or injuries served as the basis of the jury having found Lock disabled from employment for three years. It may have been Plaintiff's broken neck, skull fracture, his right arm injury, or a combination of all of those injuries. Under Patricia Lock's own argument, the fact that Lock recovered only about twenty-percent of the allowable expenses he sought bars the doctrine of issue preclusion here. The verdict form does not show which percentage of Lock's injury was caused by the roll-over accident and which percentage was caused by other factors. Since neither the court nor the parties are privy to the jury's deliberations, conclusions as to how they reached their verdict cannot be drawn.

Given the fact that the jury awarded only a small portion of the damages alleged and given the myriad of substantial injuries Lock sustained, it is impossible to conclude that the jury found that he suffered a traumatic brain injury as a result of the 1997 accident. Patricia Lock has failed to meet her burden of proving that issue preclusion applies here. The prior lawsuit does not bar Encompass from litigating whether Lock's underlying psychological disorder or the gunshot wound, or any other preexisting or intervening factors, traumatic or otherwise, account for his alleged current need for attendant care benefits. In any event, just as the Court cannot use the 2000 jury verdict to find that the automobile accident was the sole cause of Lock's injuries, the Court also cannot use the 2000 verdict to find that "Lock sustained cognitive disorder, psychotic disorder and sequelae secondary to the traumatic brain injury sustained in the June 25, 1997 automobile accident."

9

In the present motion, it appears that Plaintiff is arguing that Lock's alleged cognitive disorder was caused by trauma to the brain, whether from the automobile accident, the gun shot wound, or some other traumatic event rather than from schizophrenia or other non-traumatic cause. Plaintiff has failed to show that she is entitled to summary judgment on this point. Defendant relies on the expert report of Dr. Griffenstein who opines that Lock's neurological problems are not caused by brain trauma but are the result of poor schooling, marijuana use, and un-medicated schizophrenia thought disorder. (Doc. 48, Ex. G). Dr. Griffenstein's report raises a question of fact as to whether Plaintiff suffers from a cognitive disorder "secondary to traumatic brain injury."

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Patricia Lock's motion for partial summary judgment (Doc. 46) hereby is DENIED.

IT IS FURTHER ORDERED that Encompass shall not be barred by the doctrine of issue preclusion from raising any defense that intervening or pre-existing factors are the cause of Lock's current condition.

SO ORDERED.

Dated: March 25, 2009

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 25, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk