UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY LOCK, by
PATRICIA LOCK, his
Guardian,

        Plaintiff,

                                      Case No. 07-CV-14257

vs.

                                      HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE
COMPANY, f/k/a
CONTINENTAL INSURANCE COMPANY,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      This lawsuit seeks no-fault personal injury protection ("PIP") insurance benefits arising out of a roll-over automobile accident that occurred on June 25, 1997. Plaintiff Patricia Lock ("Lock") seeks PIP benefits on behalf of her son, Jimmy Lock. Prior to filing this lawsuit, Jimmy Lock filed suit in Wayne County Circuit Court in 2000 seeking PIP and attendant care benefits. The jury returned a verdict in his favor although it awarded substantially less damages than he claimed. Jimmy Lock had sought damages in the amount of $1,294,835 but the jury awarded only $343,946. On January 6, 2009, Lock filed a motion for partial summary judgment in this case seeking a ruling that collateral estoppel bars defendant Encompass Insurance Company ("Encompass") from disputing that Jimmy Lock suffered a traumatic brain injury in the June 25, 1997 motor vehicle accident and that he continues to suffer from a closed head injury.

Lock asserts that she is not seeking a determination that the his current cognitive disorder was caused by the accident, but merely a ruling that he continues to suffer from a traumatic brain injury. On March 25, 2009, this Court denied plaintiff Patricia Lock's motion for partial summary judgment on the grounds that collateral estoppel did not apply where Lock failed to show that the same issue was actually litigated in the first proceeding. Now before the Court is Lock's motion for reconsideration. For the reasons stated below, Lock's motion shall be denied.

In order to grant a motion for reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g)(3). Lock has failed to meet her burden. The Court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Lock has come forward with nothing new in her motion for reconsideration but merely rehashes arguments that the Court has already heard, considered, and rejected.

Lock's motion for partial summary judgment was markedly similar to another motion which she filed in an earlier lawsuit against Encompass arising out of the same accident and assigned to this same Court. In that lawsuit involving the identical parties (docket number 06-11024), Lock argued that collateral estoppel barred Encompass from arguing that the gunshot wound and/or his schizophrenia were related to Jimmy Lock's current disabilities because the jury in the 2000 trial arguably concluded that the accident was the sole cause of his injuries. The Court rejected Lock's collateral estoppel argument on the grounds that the 2000 trial did not and could not address

2

Jimmy Lock's current medical condition.  Furthermore, this Court concluded that it was unclear whether the jury believed Encompass' defense that the gunshot wound or Jimmy Lock's schizophrenia caused his injuries.  This was true because the jury awarded only about a quarter of the damages sought and his injuries were not limited to his closed head injury, but also included substantial injuries of his neck, left arm, left knee and spine.  In this case, Lock argued that her collateral estoppel argument here differed from the argument this Court rejected in the 2006 case, but the distinction was far from obvious.

It was difficult to grasp exactly what sort of ruling Lock was indeed seeking via her motion for partial summary judgment and the same ambiguity exists in her motion for reconsideration.  Due to the murkiness of her motions, it is perhaps best to quote directly from her motion for reconsideration.  First, she states that she "moves for summary judgment in the form of a ruling that Jimmy Lock <u>suffered</u> (not suffers) from a traumatic brain injury following the June 25, 1997 automobile accident."  Secondly, she states that she "seeks by partial summary judgment a ruling that Jimmy Lock suffers from a traumatic brain injury subsequent to June 25, 2006, but is not seeking a ruling that there is a causal relationship between his present traumatic brain injury and the June 25, 1997 accident."  While the contours of what ruling Lock truly seeks are unclear, one thing is obvious, Lock is entitled to neither ruling.

First, the Court considers her argument that Lock "suffered" from a traumatic brain injury "following" the June 25, 1997 automobile accident.  Lock argues that collateral estoppel requires this result based on the 2000 jury trial.  Encompass introduced evidence at the 2000 trial that the brain injury was unrelated to the accident

as it was caused by a gunshot wound in 1998 or from his preexisting paranoid schizophrenia. It is possible that the jury accepted Encompass' argument that Jimmy Lock's cognitive difficulties were caused by his preexisting schizophrenia and not by trauma at all. This is so because the jury awarded only a small fraction of the damages sought and Jimmy Lock's injuries were not limited to the alleged closed head injury but also included substantial injuries of his neck, left arm, left knee and spine. The fact that the jury awarded most, or all, of the wage loss alleged does not alter this conclusion. The jury could easily have found that Lock's other injuries from the car accident prevented him form working such as his broken neck or right arm injury.

Next the Court considers Lock's argument that it is entitled to a finding that Jimmy Lock "suffers" from a traumatic brain injury "subsequent to June 25, 2006." The evidence is disputed as to whether or not Jimmy Lock now suffers from a closed head injury. The 2000 trial does not address, nor could it, Jimmy Lock's present condition. It appears that Lock is arguing that her son's alleged cognitive disorder was caused by trauma to the brain, whether from the automobile accident, the gun shot wound, or some other traumatic event, rather than from schizophrenia or other non-traumatic cause. Plaintiff has failed to show that she is entitled to summary judgment on this point. Defendant relies on the expert report of Dr. Griffenstein who opines that Lock's neurological problems are not caused by brain trauma at all but are the result of poor schooling, marijuana use, and un-medicated schizophrenia thought disorder. (Doc. 48, Ex. G). Dr. Griffenstein's report raises a question of fact as to whether Plaintiff suffers from a cognitive disorder "secondary to traumatic brain injury" at all.

In her motion for reconsideration, Lock argues that this Court misconstrued her

motion for partial summary judgment as seeking a determination that Jimmy Lock's present cognitive disorder was caused by the June 25, 1997 accident. The Court did not so err. In point of fact, this Court specifically noted that Lock "claims she is 'not' seeking to establish a causal relationship between the brain injury and 'sequelae' and the June 25, 1997 accident." (Doc. 53 at 4). Although the Court recognized Lock's position that she was not seeking to establish "causation," the Court noted that Lock's other arguments were inconsistent with this assertion. For example, she argued that "the 2000 jury verdict established without question that Jimmy Lock sustained cognitive disorder and psychotic disorder and sequelae secondary to the traumatic brain injury." (Doc. 46 at 6). It is somewhat unclear as to what exactly Lock meant by "sequelae secondary to the traumatic brain injury." The dictionary defines "sequelae" as "[s]omething that follows, esp. a condition arising from a disease." Webster's II, New Riverside University Dictionary, 1064 (1988). Given the meaning of "sequelae," a reasonable interpretation of the phrase "sequelae secondary to the traumatic brain injury" is that the cognitive and psychotic disorder is "caused" by or "related" to the brain injury. Thus, this Court found that Lock's motion for partial summary judgment was not meaningfully distinguishable from the motion she filed in the 2006 case which this Court summarily rejected. For the same reasons addressed in its order in the 2006 case, the 2000 jury verdict does not support the application of collateral estoppel to this action either.

## CONCLUSION

Having failed to show a palpable defect by which this Court has been misled, IT IS ORDERED that Patricia Lock's motion for reconsideration (Doc. 57) hereby is

DENIED.

IT IS FURTHER ORDERED that Encompass shall not be barred by the doctrine of issue preclusion from raising any defense that intervening or pre-existing factors are the cause of Lock's current condition or from disputing that Lock has suffered and continues to suffer from a closed head injury.

SO ORDERED.

Dated:  May 18, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 18, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---