UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LOCK,

        Plaintiff,

vs.

Case No. 07-CV-14257

HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE
COMPANY, f/k/a
CONTINENTAL INSURANCE COMPANY,

        Defendant.

_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 70)
TO MAGISTRATE JUDGE'S SEPTEMBER 4, 2009 ORDER (# 69)

Plaintiff Jimmy Lock objects to Magistrate Judge Virginia Morgan's September 4, 2009 Order to the extent that Plaintiff's motion for sanctions for failure to comply with the court's discovery order is denied with prejudice. Plaintiff also objects to some of the language contained in the order. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

On July 27, 2009, Plaintiff filed a motion for sanctions for failure to comply with the court's discovery order. The motion was scheduled for hearing on September 2, 2009 at 2:30 p.m. Plaintiff and Defendant came to an agreement that Plaintiff would ask to have Plaintiff''s motion dismissed without prejudice. On the day of the hearing, plaintiff's counsel called Magistrate Judge Morgan to inform Magistrate Judge Morgan of the parties' agreement. Magistrate Judge Morgan decided the motion on the merits, "[b]ecause this is not the first motion for sanctions and because the motion has previously been adjourned by stipulation." September 4, 2009 Order, at 1. Magistrate Judge Morgan dismissed the

motion with prejudice because "discovery is closed, the court is not willing to put the motion in a posture to be reinstated." Id. Plaintiff objects to Magistrate Judge Morgan's decision to dismiss the motion with prejudice.

This lawsuit seeks no-fault insurance benefits arising out of an automobile accident that occurred on June 25, 1997. On August 25, 2008, Plaintiff filed a motion to compel the deposition of defendant's claim representative and/or a motion for sanctions. A stipulated order was entered by the court on October 7, 2008, compelling defendant to produce its claims representative, Carol Kruse, within forty days of entry of that order. After the stipulated order was entered, Plaintiff scheduled the deposition of Carol Kruse on October 30, 2008; November 20, 2008; March 27, 2009; and July 15, 2009. Plaintiff admits that the November 20, 2008 date was adjourned based upon an agreement between the parties. Defendant asserts that March 27, 2009 was an arbitrary date picked by the plaintiff, which presented a conflict. Ms. Kruse's deposition still has not been taken and Plaintiff requests sanctions.

Defendant asserts that the parties have attempted to resolve the claims throughout the case, but have been unable to do so because of a Medicare lien. Magistrate Judge Morgan noted that dates have been adjourned in the matter multiple times so that the Plaintiff can obtain the necessary Medicare information, which would allow the parties to discuss a resolution of the case. Magistrate Judge Morgan also stated that during the interim, the parties have agreed that unnecessary discovery (including the deposition of Carol Kruse) would be adjourned. Defendant objected to plaintiff's request for sanctions, arguing that it is contrary to the prior agreement reached between counsel.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of such order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A ruling is clearly erroneous if, upon review of the

2

record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

Whether and to what extent discovery sanctions are warranted are for the court to decide in its discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366 (6th Cir. 1997). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable, arbitrary or fanciful. Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003).

Plaintiff objects to Magistrate Judge Morgan's decision to deny the sanctions with prejudice. Since Magistrate Judge Morgan had the discretion to grant or deny the sanctions, it cannot be said that the decision was clearly erroneous.

Plaintiff also objected to some of the language used by Magistrate Judge Morgan. Specifically, Plaintiff objects to Magistrate Judge Morgan's statement, "Indeed, the Court finds that the Motion for sanctions is essentially frivolous and imposed only for delay and expense." September 4, 2009 Order, at 5. Plaintiff also objects to Magistrate Judge Morgan's statement "The filing of further meritless and unnecessary motions may well result in court imposed sanctions for such conduct." Id. The court is not left with the "definite and firm conviction that a mistake has been made." Patterson, 225 F.R.D. at 205. Since the parties came to an agreement that unnecessary discovery would be adjourned, the court is not convinced that Magistrate Judge Morgan's statement that the motion was "essentially frivolous and impose only for delay and expense" was clear error. As to the second statement, Magistrate Judge Morgan has discretion to impose sanctions and her statement that sanctions may be imposed if unnecessary motions are filed is not clearly erroneous.

3

For the reasons set forth above, plaintiff Jimmy Lock's objections to Magistrate Judge Virginia Morgan's September 2, 2009 Order are hereby OVERRULED.

SO ORDERED.

Dated:  September 29, 2009

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk

4